UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CHAD HAMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   23-3068 |
| | ) |
| DR. JINGNESH MODI, *et al.* | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently detained at Shelby County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

As a threshold matter, Plaintiff filed a motion for leave to file an amended complaint to supplement his original complaint. (Doc. 8). The Court does not accept piecemeal amendments, and any proposed amended complaint must stand on its own without reference to any other

document. Plaintiff's motion (Doc. 8) is denied. The Court will consider only the allegations in Plaintiff's original complaint.

Plaintiff alleges in his original complaint that Defendant Modi is an infectious disease specialist who had treated him for Hepatitis C. Plaintiff alleges that Defendant Modi terminated their doctor-patient relationship after Plaintiff missed a tele-med appointment while detained at the Shelby County Jail. Plaintiff alleges that he missed the appointment because Defendant Modi's office called his mother's phone for the appointment, not the jail number he had provided. Plaintiff alleges that he did nothing to warrant Defendant Modi's decision to stop treating him.

Jail officials must provide Plaintiff with adequate medical care under the Fourteenth Amendment, but these rights do not extend to individuals who are not state actors. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018); 42 U.S.C. § 1983. Plaintiff does not provide sufficient information regarding the care he received from Defendant Modi for the Court to conclude that Defendant Modi was a state actor. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 831 (7th Cir. 2009) (hospital that refused to treat inmate did not assume the state's duty to provide medical care).

Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

### Plaintiff's Motion to Request Counsel (Doc. 4)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Plaintiff's unsubstantiated statements that he has contacted attorneys is not sufficient. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied with leave to renew.

### Plaintiff's Motions (Doc. 10, 12)

Plaintiff appears to seek issuance of subpoenas for records and other tangible evidence in possession of the Shelby County Jail. Plaintiff's motions are denied as premature. Plaintiff may renew his motions if the Court finds that he states a claim upon which relief can be granted.

### Plaintiff's Motion (Doc. 14)

Plaintiff indicates that he received a letter from the Clerk advising him that he had 14 days to respond to a motion to dismiss in a case for which he is not a party. He filed a motion to oppose any motion to dismiss in this case in response. (Doc. 14). Defendants have not filed a motion to dismiss in this case. Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion [4] is DENIED with leave to renew.**

3) **Plaintiff's motions [8][10][12][14] are DENIED.**

    **4) Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 17th day of May, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
