UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHAD HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-3068 |
| | ) | |
| DR. JINGNESH MODI, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER #2**

The Court dismissed Plaintiff's original complaint with leave to amend. (Doc. 15). The matter is now before the Court for ruling on Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. 19). The motion is granted. Plaintiff's previous motion for leave to file an amended complaint (Doc. 16) is denied as moot.

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Modi, a physician, accepted him as a patient to treat Hepatitis C prior to Plaintiff's detention at Shelby County Jail. Plaintiff alleges that Defendant

Modi terminated their physician-patient relationship after a missed tele-med appointment. Plaintiff alleges that he missed the appointment because Defendant Modi's nurse had called the wrong number.

42 U.S.C. § 1983 provides a cause of action against officials acting under the color of state law who violate an individual's constitutional rights. *Id.* Plaintiff alleges that his relationship with Defendant Modi formed prior to his detention, and no plausible inference arises that Defendant Modi was employed by the state, responsible for providing medical care to jail detainees, fulfilling a state function with his initial agreement to continue his relationship with Plaintiff, or conspiring with jail officials in any way. Stated differently, Plaintiff's allegations do not permit a plausible link between Defendant Modi's decision to terminate the care and state action to show that Defendant Modi acted under the color of state law. *Rodriguez v. Plymouth Ambulance Srvc.*, 577 F.3d 816, 824-25 (7th Cir. 2009). The Court finds that Plaintiff fails to state a claim upon which relief can be granted. Any amendment would be futile.

### Plaintiff's Motion to Request Counsel (Doc. 18)

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff satisfied the first prong.

Plaintiff has personal knowledge of the facts, and he has been able to adequately communicate them to the Court. He demonstrated an ability to follow the Court's orders, and the facts of this case do not appear to exceed his intellectual ability. The facts of this case also do not suggest that appointment of counsel is warranted. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir.

2022) (a district court may also consider the relative strength or weakness of a plaintiff's claims).

Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint [19] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

2) **Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

4) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **Plaintiff's Motions [16][18] are DENIED.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 31st day of July, 2023.

                        *s/Sara Darrow*
                        SARA DARROW
                        CHIEF U.S. DISTRICT JUDGE